UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ROLAND K. BROWN, :
              Plaintiff, :
               :
      v. : No. 2:16-cv-01873
               :
JERALD MAY, WARDEN AT C.F.C.F.; :
BLANCH CARNEY, COMMISSIONER; :
JIM KENNEY, MAYOR OF PHILADELPHIA, :
              Defendants. :
_____

**O P I N I O N**
Defendants' Motion to Dismiss, ECF No. 9 - Granted

**Joseph F. Leeson, Jr.**                                                                   May 15, 2017
**United States District Judge**

I.       **INTRODUCTION**

Plaintiff Roland Brown initiated this action pursuant to 42 U.S.C. § 1983 based on events allegedly occurring from April 24, 2014, through April 2016 while he was detained at the Curran-Fromhold Correctional Facility ("CFCF") in Philadelphia, Pennsylvania.[1] Defendants Jerald May, Warden of CFCF; Blanch Carney, Commissioner of the Philadelphia Prison System ("PPS"); and Jim Kenney, Mayor of the City of Philadelphia, move to dismiss all claims against them based on insufficient allegations of a constitutional violation or of their personal involvement. Considering the totality of Brown's allegations regarding the conditions of his confinement, including being triple-celled in a small cell designed for two inmates, being forced to sleep in unsanitary conditions, and being exposed to continuous lockdowns and extended periods of restricted movement, this Court concludes that he has sufficiently pled a constitutional

---

[1] Brown is currently incarcerated at the State Correctional Institution in Somerset, Pennsylvania.

violation for triple-celling.[2] However, his mere allegations that each of the Defendants "confirmed" or "agreed" to such conditions does not sufficiently plead these Defendants' personal involvement. The Motion to Dismiss is granted, but Brown is afforded an opportunity to amend his complaint.

## II. STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III. ANALYSIS

### A. Brown alleged sufficient facts to state a claim based on triple-celling.

Brown alleged that he spent part of his confinement, until November 2015, as a pretrial detainee and thereafter as a convicted prisoner. This distinction is relevant because the "Eighth

---

[2] Triple-celling occurs when three or more inmates are placed in a cell designed to house two.

2

Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees." *Bynum v. Nutter*, No. 15-2406, 2016 U.S. Dist. LEXIS 164421, at *4 (E.D. Pa. Nov. 28, 2016) (citing *Hubbard v. Taylor*, 399 F.3d 150, 165-66 (3d Cir. 2005)).

To support his triple-celling claim,[3] Brown alleged that he was "forced to live in a 7'X10' cell originally designed for (2) two inmates, but due to conditions there are (3) inmates housed in cells," that he was "forced to sleep in a 'blue boat' next to the toilet and [was] exposed to fecal matter and urine daily," that he "spent the majority of his time as a pretrial detainee confined to an unsanitary cell with continuous lockdowns," that the "lockdowns also prevent adequate cell cleaning" and "[i]nadequate recreation," that he was "subjected to extended periods of 'restricted movement,'" and that he was subjected to "poor ventilation and air quality." Compl. 3-5, ECF No. 7. These allegations are sufficient to state a constitutional claim. See *Fundenberg v. Nutter*, No. 14-3761, 2016 U.S. Dist. LEXIS 165313 (E.D. Pa. Nov. 29, 2016)

---

[3] Although Brown hinted to other possible claims, he failed to allege sufficient facts to support any other independent constitutional claim. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 350-52 (1996) (holding that for a prisoner to state a claim for denial of access to the courts based on limited access to the law library, he must show that he was actually hindered in his efforts to pursue a legal claim); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (holding that "the Constitution does not mandate comfortable prisons"); *Ranko v. Saudino*, No. 15-8483, 2016 U.S. Dist. LEXIS 50651, at *6 (D.N.J. Apr. 15, 2016) (dismissing the inmate's claim for a violation of his right to use the telephone because the inmate failed to provide sufficient facts to support the claim); *Reynolds v. Municipality of Norristown*, No. 15-0016, 2015 U.S. Dist. LEXIS 93766, at *13-14 (E.D. Pa. July 17, 2015) (explaining that the deliberate indifference standard applies to claims of inadequate medical care under both the Eighth and Fourteenth Amendments, and requires an inmate to allege facts showing "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need") (quoting *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003)); *Ball v. Giroux*, No. 1:12-CV-10, 2012 U.S. Dist. LEXIS 35734, at *16 (M.D. Pa. Jan. 12, 2012) ("Inmates do not have an absolute constitutional right to a mattress."); *Mora v. Camden County*, No. 09-4183, 2010 U.S. Dist. LEXIS 61800, at *28-29 (D.N.J. June 21, 2010) (explaining that a prisoner must "allege facts showing that the deprivation of a nutritionally adequate diet was sufficiently serious (regarding the amount and the duration of the malnutrition)").

(concluding that the inmate, who made similar allegations to Brown,[4] had provided sufficient detail about prison conditions to survive a motion to dismiss, and that it was plausible such conditions were not rationally related to a legitimate government purpose and therefore violated the inmate's Fourteenth Amendment rights). However, for the reasons discussed in the next section, Brown failed to allege the personal involvement of each Defendant.

**B.     Brown failed to allege the personal involvement of any Defendant.**

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). There are two theories of supervisory liability: (1) the defendant-supervisor participated in violating the plaintiff's rights, directed others to violate them, or had knowledge of and acquiesced in his subordinates' violations; and (2) the defendant, in his role as policymaker, acted with deliberate indifference in establishing and maintaining a policy, practice, or custom which directly caused the plaintiff's constitutional harm. *A.M. v. Luzerne County Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Under the first theory, "[a]lthough a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case, the knowledge must be actual, not constructive." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). When relying on policy or practice pursuant to the second theory of liability, the plaintiff must:

> (1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the

---

[4]     Fundenberg alleged that "he was 'forced to live in a 7'X10' cell with two other inmates; the cell was originally designed to hold two people, but due to severe overcrowding a third man sle[pt] on a plastic 'boat' next to the cells toilet ... exposed to urine and fecal matter,'" that "inmates were subjected to 'nearly contin[uous] lockdowns' and that the 'PPS population as a whole has increasingly been subjected to extended periods of 'restricted movement' and lockdowns,'" that "there was 'inadequate 'day room' and recreational space' and that inmates are denied access to programs and services." *Id.* at *5-6.

4

> ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure.

*Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001). Additionally, a "plaintiff must specifically identify the acts or omissions of the supervisors that show deliberate indifference, and suggest to the Court a relationship between the 'identified deficiency' of a policy or custom and the injury suffered." *Cain v. Nutter*, No. 16-1614, 2016 U.S. Dist. LEXIS 166071, at *7 (E.D. Pa. Nov. 30, 2016). "[P]roof of the mere existence of an unlawful policy or custom is not enough to maintain a § 1983 action." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).

Here, Brown did not allege that Defendants directed, or had actual knowledge of, a violation of his constitutional rights. *See Hubbard*, 538 F.3d 229 (holding that triple-celling is not per se unconstitutional). Nor did he allege specific facts to show that Defendants acted with deliberate indifference in establishing and maintaining a policy, practice, or custom that directly caused his alleged constitutional harm. Liberally construed, Brown's allegation that "[a]s a result of the overcrowding ... the PPS population as a whole has been increasingly ... subjected to extended periods of 'restricted movement' and 'lockdowns' resulting in a denial of access to important programs services" is a fact that could establish a practice or custom. *See Cain v. Nutter*, No. 15-5524, 2016 U.S. Dist. LEXIS 166071, at *7 (E.D. Pa. Nov. 30, 2016) (finding that the plaintiff's claim that "he experienced 'pervasive overcrowding [in] the PPS' and that the 'PPS population as a whole has increasingly been subjected to extended periods of restricted movement and lockdowns,' suggest[ed] that all inmates suffered the same circumstances - a fact that could establish a practice or custom"). But, Brown did not connect each Defendant to the practice or custom, *see id.* ("The mere existence of a policy or custom is not, however, enough to prove liability ... [the plaintiff] must also connect the supervisors to the policy."), nor did he

allege that Defendants were policymakers, *see Hill v. City of Phila.*, No. 05-6574, 2008 U.S. Dist. LEXIS 50613 (E.D. Pa. June 30, 2008) (dismissing claims against the commissioner of PPS and the deputy warden because there were no allegations that they were policymakers involved in establishing or maintaining policies, customs, or practices which could have caused the alleged constitutional harm). Rather, Brown alleged merely that each of the Defendants "confirmed" or "agreed" that inmates, such as Brown, could be "forced to sleep in a 'blue boat' next to the toilet ... exposed to fecal matter and urine daily." Accordingly, the Complaint fails to state a claim due to insufficient allegations of each Defendant's personal involvement.

      **C.**      **Brown is granted leave to amend.**

Brown's triple-celling claim is dismissed, but he is granted leave to amend to attempt to plead sufficient facts to show each Defendant's personal involvement in the alleged constitutional violation. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002) (holding that in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment, a court should grant a plaintiff leave to amend a deficient complaint after a defendant moves to dismiss it). Further, due to the wholly insufficient factual allegations, the Court is unable to determine whether Brown can state any other claim for relief and dismisses the entire Complaint without prejudice, with leave to amend. Brown is advised that if he intends to plead any other claim, he must allege sufficient facts to not only support a constitutional violation but to also connect Defendants to his claim. Additionally, the "amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). It must be a new pleading which stands by itself without reference to the original complaint. *Id.* The amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional

6

deprivations." *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)). "The amended complaint must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." *Id.* (citing Fed. R. Civ. P. 8(e)(1)).

## IV. CONCLUSION

Although Brown has alleged sufficient facts to state a claim based on triple-celling, he failed to plead sufficient factual details showing each Defendant's personal involvement in the alleged constitutional violation. The Motion to Dismiss is granted, but Brown is granted leave to amend.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge